THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NECA-IBEW HEALTH & WELFARE FUND, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDMAN SACHS & CO., *et al.*,<br>Defendants. | Civil Action No. 1:08-cv-10783 (MGC) |

MEMORANDUM OF LAW IN SUPPORT OF THE POLICE AND FIRE
RETIREMENT SYSTEM OF THE CITY OF DETROIT'S
<u>MOTION TO INTERVENE</u>

Movant, the Police and Fire Retirement System of the City of Detroit ("PFRS" or "Movant"), submits this Memorandum of Law in support of its motion, pursuant to Fed. R. Civ. P. 24, for an order allowing PFRS to intervene as a plaintiff in the above-captioned action. Movant seeks intervention in order to protect its interests and those of the purchasers of the GSR Mortgage Loan Trust 2007-4F (the "Trust") Mortgage-Backed Certificates (the "Certificates"). The current Plaintiff purportedly represented those interests until this Court issued its January 29, 2010 order (the "Order"), which dismissed the claims on their behalf for Plaintiff's lack of standing.

## I.    INTRODUCTION

PFRS purchased the Trust Certificates, Class 6A-1, on June 15, 2007. *See* the accompanying Declaration of Walter Stampor In Support of the Police and Fire Retirement System of the City of Detroit's Motion to Intervene ("Stampor Decl."), Ex. A

("PFRS Transaction Schedule"). The Certificates were underwritten by Goldman Sachs & Co. ("Goldman Sachs") and issued pursuant to a shelf Registration Statement, filed with the Securities and Exchange Commission ("SEC") on January 31, 2007, by GS Mortgage Securities Corp. ("GS Mortgage"), as well as a Prospectus dated February 13, 2007 and two Prospectus Supplements dated June 27 and July 2, 2007, each of which were expressly incorporated by reference into the Registration Statement (collectively, the "Offering Documents").

On December 11, 2008, Plaintiff in the above-captioned action filed the initial complaint, and published notice thereof.  The complaint was later amended on May 15, 2009 and again on November 9, 2009 (the "Second Amended Complaint").  The Second Amended Complaint asserted claims on behalf of all persons or entities who purchased or acquired billions of dollars of mortgage pass-through certificates issued by seventeen GS Mortgage trusts (the "Second Amended Complaint Class").  Included among the 17 trusts named in the Second Amended Complaint and the PSLRA Notice was the Trust. Therefore, all persons or entities that purchased or acquired securities issued by the Trust, including PFRS, were members of the Second Amended Complaint putative class.

On January 29, 2010, this Court granted in part and denied in part defendants' motion to dismiss the Second Amended Complaint. *See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 08-CV-10783 (S.D.N.Y. Jan. 29, 2010). The Court sustained the claims which were brought on behalf of the purchasers of certificates issued by the two trusts from which the Plaintiff purchased (the "Two Trust Class"), and dismissed, for lack of standing, the claims on behalf of the purchasers of the securities issued by the remaining fifteen trusts (the "Remaining Trusts"), including the Trust.  In

accordance with the Court's Order, Plaintiff filed its Third Amended Complaint on March 31, 2010, (the "Third Amended Complaint") which alters the proposed Class in compliance with the Order. Therefore, the former putative class members who purchased Certificates issued by the Trust (the "Intervenor Class") are no longer represented in this action. Even though the current plaintiff was originally appointed as lead plaintiff on behalf of a putative class that included the purchasers of interests in the Trust, the Third Amended Complaint has abandoned those purchasers' claims.

PFRS now seeks leave to intervene as a named-plaintiff in the above-captioned action in order to represent the Intervenor Class. In support of its motion, Movant also submits herewith the Class Action Complaint in Intervention (the "Complaint in Intervention"). Exhibit B to the Stampor Decl.

## II. ARGUMENT

Under Federal Rule of Civil Procedure 24, a movant can intervene in an action in two ways: either as of right or with the Court's permission. As demonstrated below, PFRS's intervention should be granted under either standard.

**A.    The Court Should Grant Movant's Application for Intervention as of Right**

In order to satisfy the requirements of intervention as of right, a movant must demonstrate that:

> (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l., Inc. v. Visa Int'l Serv. Assoc., Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). Movant meets all of the criteria for intervention as of right.

       1.       **The motion to intervene is timely**

      The Court considers the following factors to determine whether or not a motion to intervene was brought in a timely manner: "how long the motion to intervene was delayed, whether the existing parties were prejudiced by that delay, whether the movant will be prejudiced if the motion is denied, and unusual circumstances militating either for or against a finding of timeliness." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2000).

      Here, the motion is being submitted within three months of the date of the Court's Order. Prior to that time, its interests and those of the Intervenor Class were purportedly represented by the current Plaintiffs. After reviewing the Order and considering its effect and reviewing the Third Amended Comlaint, PFRS decided to intervene in this action to protect its interests and those of the Intervenor Class.

      There will be no prejudice to the existing parties if PFRS is able to represent the interests of the Intervenor Class. The current Plaintiff will not be prejudiced as it initially sought to represent, *inter alia*, the Intervenor Class. Thus, Movant's intervention motion will actually further its stated interests. The current defendants will not be prejudiced because they have had notice of the claims against them on behalf of the Intervenor Class since the outset of this action. The claims asserted against them in the Complaint in Intervention are related to those asserted by the Plaintiffs in their Third Amended Complaint because they arise from the same course of conduct by the defendants.

**2.      Movant has a substantial interest in the action**

The next prong of the analysis requires a movant to have a "direct, substantial, and legally protectable" interest in the action. *Brennan v. New York City Board of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (quoting *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). Here, PFRS's purchase of $1,800,000.00 face value of Certificates, which were issued pursuant to the allegedly false and misleading Offering Documents, meets this standard. *See* PFRS Transaction Schedule, Stampor Decl., Ex. A. This purchase, and the resultant damages therefrom, represents the type of legally protectable interest contemplated by Rule 24, and, indeed, is a parallel interest to those currently represented by Plaintiff. Accordingly, PFRS's interest is sufficiently protectable under Rule 24(a).

**3.      Absent intervention, Movant's interest will be impaired**

Without intervention, PFRS and the Intervenor Class it seeks to represent will not be represented in the above-captioned action. Thus, unless the instant motion is granted, Movant will lose its right to seek damages on behalf of those that lost money due to defendants' issuance of the false and misleading Offering Documents.

**4.      Movant's interests are not represented by the present Plaintiff**

Pursuant to the Court's January 29, 2010 Order, the current Plaintiff does not have standing to bring claims on behalf of investors who purchased certificates issued by the Trust. Thus, the present Plaintiff cannot possibly represent those investors who purchased certificates from the Trust, including Movant. In contrast, PFRS has standing to represent the Intervenor Class because it purchased the Certificates, which were offered by the Trust.

**B.      The Court Should Grant Movant's Motion for Permissive Intervention**

Should the Court deny Movant's motion for intervention as of right, permissive intervention is warranted.  Rule 24(b) provides that a Court may permit intervention where, "an applicant's claim or defense and the main action have a question of law or fact in common."   Nevertheless, the Court must also "consider whether granting permissive intervention 'will unduly delay or prejudice the adjudication of the rights' of the existing parties."  *In Re Holocaust Victim Assets Litigation*, 225 F.3d 191, 202 (2d Cir. 2000) (quoting Fed. R. Civ. P. 24(b)(3)).

The claims alleged in PFRS's Complaint in Intervention, are nearly identical to those of the present Plaintiff.  Indeed, Plaintiff initially sought to pursue the same claims until the Court ruled that it did not have standing to do so.  Therefore it is not surprising that there are common questions of law and fact in the Complaint in Intervention and the Third Amended Complaint, including: (i) whether the Securities Act of 1933 was violated by defendants' acts; (ii) whether the Offering Materials issued by defendants to the investing public omitted and/or misrepresented material facts about Goldman Sachs and its business; and (ii) the extent of injuries sustained by the respective classes and the appropriate measure of damages.

The Court need not be concerned about prejudice to defendants as a result of this motion to intervene.  As discussed above, the Complaint in Intervention asserts claims that were part of the initial complaint in this action.  Defendants, therefore, have been on notice of these claims since December 11, 2008.  Similarly, no prejudice will fall upon the current Plaintiff, because representation of the Intervenor Class was part of its initial stated goals.  Moreover, no undue delay will occur as a result of this motion.  Movant

filed this motion just three months after the Court issued its Order and just four weeks after the current Plaintiff filed its Third Amended Complaint.

### III. CONCLUSION

For the reasons stated above, PFRS respectfully requests that the Court grant its motion to intervene.

DATED: April 26, 2010
      New York, New York

Respectfully submitted,

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**


_____/s/ Lawrence P. Kolker_____
Lawrence P. Kolker
Rachel S. Poplock
270 Madison Avenue
New York, NY 10016
(212) 545-4600


**KOHN SWIFT & GRAF, PC**
Joseph C. Kohn
Denis F. Sheils
Christina D. Saler
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

*Attorneys for Plaintiff The Police and Fire
Retirement System of the City of Detroit*