UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
NECA-IBEW HEALTH & WELFARE FUND, :   Civil Action No. 1:08-cv-10783-MGC
Individually and On Behalf of All Others   :
Similarly Situated,                                :   "ECF Case"
                                           :
                      Plaintiff,   :   <u>CLASS ACTION</u>
                                         :
    vs.                                  :
                                         :
GOLDMAN, SACHS & CO., et al.,           :
                                       :
                     Defendants.   :
———————————————————————— x

POLICE AND FIRE RETIREMENT SYSTEM :   Civil Action No. 10 Civ. 4429-MGC
OF THE CITY OF DETROIT, Individually   :
and On Behalf of All Others Similarly Situated, :   "ECF Case"
                                         :
                     Plaintiff,   :   CLASS ACTION
                                         :
    vs.                                  :
                                         :
GOLDMAN, SACHS & CO., et al.,           :
                                       :
                     Defendants.   :
———————————————————————— x

STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Settlement is entered into by Plaintiffs NECA-IBEW Health & Welfare Fund ("NECA") and Police and Fire Retirement System of the City of Detroit ("PFRS") on behalf of the Settlement Class, by and through their counsel, and the Defendants, by and through their counsel (all together the "Settling Parties").

The Settlement is intended by the Settling Parties to fully and finally compromise, resolve, discharge and settle the Settlement Class Members' Released Claims against the Released Parties, subject to the terms and conditions set forth below and final approval of the Court.

## I.      THE LITIGATION

All terms with initial capitalization shall have the meanings ascribed to them in §IV.1 below.

### A.      The NECA Action

On December 11, 2008, NECA filed a putative class action captioned *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., et al.*, in the United States District Court for the Southern District of New York, Civil Action No. 1:08-cv-10783-MGC (the "NECA Action"), asserting claims under the Securities Act of 1933 on behalf of all persons or entities acquiring asset-backed certificates in 17 offerings pursuant and/or traceable to GS Mortgage Securities Corp.'s January 31, 2007 Pre-Effective Amendment No. 1 to Form S-3 Registration Statement (Registration No. 333-139817) and its accompanying Prospectus Supplements that were filed with the U.S. Securities and Exchange Commission ("SEC") between 2007 and 2008.

On December 11, 2008, notice of the NECA Action was published pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notifying eligible purchasers of the certificates about their right to move for appointment as lead plaintiff.  On April 2, 2009, the Court issued an

oral ruling appointing NECA as lead plaintiff and approving its selection of Robbins Geller Rudman & Dowd LLP (then Coughlin Stoia Geller Rudman & Robbins LLP) as Lead Counsel.

On May 15, 2009, NECA filed an Amended Complaint for Violation of §§11, 12 and 15 of the Securities Act of 1933 ("Amended Complaint").  On August 19, 2009, Defendants filed a motion to dismiss the Amended Complaint.  On September 18, 2009, the Court issued an oral ruling granting Defendants' motion to dismiss the Amended Complaint, and affording NECA leave to file a second amended complaint.

On November 9, 2009, NECA filed the Second Amended Complaint for Violation of §§11, 12 and 15 of the Securities Act of 1933 ("SAC").  On December 11, 2009, Defendants filed a motion to dismiss the SAC.

On January 28, 2010, the Court issued an oral ruling granting Defendants' motion, holding, *inter alia*, that NECA lacked standing to assert claims on behalf of purchasers of certificates in the 15 of the 17 offerings alleged in the SAC because NECA did not purchase certificates in the 15 offerings.  NECA was granted leave to amend, but only with respect to the two offerings from which it purchased certificates.

On March 31, 2010, NECA filed the Third Amended Complaint for Violation of §§11, 12 and 15 of the Securities Act of 1933 ("TAC").  In the TAC, NECA alleged claims on behalf of purchasers from the two remaining offerings.  On July 21, 2010, Defendants filed a motion to dismiss the TAC.

On September 22, 2010, the Court issued an oral ruling denying Defendants' motion as to NECA's §§12 and 15 claims.  The Court reserved judgment on NECA's §11 claims and took them under submission.  On October 15, 2010, the Court entered an order dismissing the §11 claims, holding that NECA had no legally cognizable injury.

On February 8, 2011, NECA filed a Motion for Leave to File Amended Complaint and for Relief Pursuant to Fed. R. Civ. P. 60(b), requesting to amend the TAC to allege the sale of the certificates it owned at a loss, and for the Court to reinstate its cause of action under §11 since the Court had previously suggested that a sale at a loss would allege a legally cognizable injury under §11.

At a hearing on March 3, 2011, the Court denied NECA's motion to amend and to reinstate its §11 claims and suggested that all of NECA's claims, including its §12 rescission claims were extinguished due to NECA's sale of its certificates.  On April 5, 2011, NECA moved alternatively for clarification of the Court's March 3, 2011 Order, or for entry of final judgment, and on June 10, 2011, the Court granted NECA's motion for entry of a final judgment.

On July 6, 2011, NECA filed a Notice of Appeal of, *inter alia*, the Court's January 28, 2010 Order limiting NECA's standing to assert claims only on behalf of purchasers of certificates in the two offerings purchased by NECA, and the Court's October 15, 2010 Order holding that NECA had no cognizable injury under §11.

On September 6, 2012, the Second Circuit affirmed in part and vacated in part, and remanded for further proceedings.  *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012).  The Second Circuit enunciated certain principles of "class standing," and indicated that NECA had "class standing" as to certain offerings in which it did not invest.  In addition, the Court held that NECA had alleged a cognizable injury under § 11.

On October 26, 2012, Defendants filed a Petition for Writ of *Certiorari* to the Supreme Court of the United States.

On November 5, 2012, NECA filed the Fourth Amended Complaint for Violation of §§11, 12 and 15 of the Securities Act of 1933 ("FAC").  The FAC alleges claims regarding 14 offerings.

- 3 -

On March 18, 2013, the Supreme Court denied Defendants' petition for *certiorari*.

On April 18, 2014, Defendants moved to dismiss the FAC, arguing, *inter alia*, that the "mandate rule" precluded NECA's claims on behalf of seven of their offerings alleged in the FAC. On July 10, 2014, the Court issued an order, granting Defendants' motion with respect to those seven offerings. On July 28, 2014, NECA filed a motion requesting certification of an interlocutory appeal pursuant to 28 U.S.C. §1292(b) of the July 10, 2014 Order.

On September 30, 2014, Defendants filed their answer to the FAC.

On January 6, 2015, the Court denied Plaintiff's motion requesting certification of interlocutory appeal.

On March 23, 2015, NECA filed a Motion for Class Certification and Appointment of Class Representative and Class Counsel. On May 19, 2015, Defendants filed their Opposition to Plaintiff's Motion for Class Certification.

**B.      The PFRS Action**

On June 3, 2010, PFRS filed a putative class action captioned *The Police and Fire Retirement System of the City of Detroit v. Goldman Sachs & Co., et al.*, in the United States District Court for the Southern District of New York, Civil Action No. 1:10-cv-04429-MGC ("PFRS Action"), asserting claims under the Securities Act of 1933 on behalf of all persons or entities who acquired the GSR Mortgage Loan Trust 2007-4F Mortgage-Backed Certificates of defendant GS Mortgage Securities Corp. pursuant and/or traceable to GS Mortgage Securities Corp.'s January 31, 2007 Pre-Effective Amendment No. 1 to Form S-3 Registration Statement and accompanying Prospectus Supplements that were filed with the U.S. Securities and Exchange Commission ("SEC") between 2007 and 2009 (the "PFRS Complaint").

- 4 -

On January 19, 2011, Defendants moved to dismiss the PFRS Complaint. On September 13, 2011, the Court dismissed the PFRS Complaint with leave to amend.

On October 20, 2011, PFRS filed its First Amended Complaint ("PFRS FAC"). On December 27, 2011, Defendants moved to dismiss the PFRS FAC, which the Court granted, with leave to amend, on May 31, 2012.

On July 9, 2012, PFRS filed its Second Amended Complaint ("PFRS SAC"). On September 21, 2012, Defendants moved to dismiss PFRS' SAC.

On December 26, 2012, PFRS moved to amend the PFRS SAC to seek to represent holders of additional certificates in response to the Second Circuit's decision in *NECA*.

On March 27, 2014, the Court denied Defendants' motion to dismiss the PFRS SAC with respect to all claims except with respect to PFRS' claim that the offering documents misled investors as to the rating agencies' opinions. The Court also denied PFRS' motion to amend the PFRS SAC.

On March 20, 2015, PFRS served Defendants with a Motion for Class Certification and Appointment of Class Representative and Class Counsel.

## C.     Settlement Negotiations

Subsequently, after extensive arm's-length negotiations between the Settling Parties, at times with the assistance of the Honorable Daniel Weinstein (Retired), the Settling Parties reached an agreement in principle to jointly settle the Actions for $272 million, subject to the negotiation of this Stipulation and approval of the Court.

NECA and Defendants informed the Court of the agreement in principle, and the Court ordered that the hearing on NECA's motion for class certification be vacated.

This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim of fault or liability or

wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  This Stipulation shall not be construed or deemed to be a concession by Plaintiffs of any infirmity in the claims asserted in the Actions.

## II.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Actions have merit and that the evidence developed to date supports the claims.  However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against Defendants through trial and through appeals.  Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Actions, as well as the difficulties and delays inherent in such litigation.  Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Actions.  Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class.  Based on its evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Members of the Settlement Class.

Lead Counsel and PFRS' Counsel has conducted extensive investigations related to the claims at issue and the underlying events and transactions alleged in the complaints filed in the Actions.  Lead Counsel has examined a large volume of evidence obtained through document discovery from Defendants and third parties.  Lead Counsel and PFRS' Counsel have researched the applicable law with respect to the claims of Plaintiffs, the putative class, and the Settlement Class, as well as Defendants' potential defenses and other litigation issues, including those related to class certification.

1057793_4

Based upon their investigation, Lead Counsel, PFRS' Counsel, and Plaintiffs have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate, and in the best interests of the Settlement Class, and have agreed to settle the claims raised in the Actions pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Plaintiffs and the Members of the Settlement Class will receive from resolution of the Actions as against the Defendants; (ii) the attendant risks of litigation; (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and (iv) the mediator's independent views of the Actions.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Actions.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions.  Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Actions are without merit.  In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Actions.

Nonetheless, Defendants have concluded that further conduct of the Actions would be protracted and expensive, and that it is desirable that the Actions be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Actions.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation.

1057793_4

## IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any admission or concession on the part of Plaintiffs as to any lack of merit of the Actions whatsoever, and without any admission or concession of Defendants as to any liability or wrongdoing or lack of merit in the defenses whatsoever, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the PSLRA and other conditions set forth herein, in consideration of the benefits flowing to the Settling Parties, that the Actions and all of the Settlement Class Members' Released Claims as against the Released Parties and all Released Parties' Claims shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

### 1.     Definitions

As used in this Stipulation, the following terms shall have the meanings specified below.

1.1     "Actions" means the NECA Action and the PFRS Action.

1.2     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator (in accordance with the requirements established by the Court) that is approved for payment from the Net Settlement Fund.

1.3     "Certificates" means the residential mortgage-backed securities sold in the Offerings.

1.4     "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

1.5     "Claim Form" or "Proof of Claim Form" means the Proof of Claim Form and Release (substantially in the form attached hereto as Exhibit A-2) that a Claimant or Settlement Class

- 8 -

Member must complete if that Claimant or Settlement Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

1.6    "Claimant" means a Person that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.7    "Claims Administrator" means Gilardi & Co. LLC.

1.8    "Class Representatives" means NECA and PFRS.

1.9    "Complaints" means the Fourth Amended Complaint for Violation of §§11, 12 and 15 of the Securities Act of 1933 filed in the NECA Action on November 5, 2012, and the Second Amended Complaint filed in the PFRS Action on July 9, 2012.

1.10    "Court" means the United States District Court for the Southern District of New York.

1.11    "Defendants" means Goldman, Sachs & Co., Goldman Sachs Mortgage Company, GS Mortgage Securities Corp., Daniel L. Sparks, Michelle Gill, and Kevin Gasvoda.

1.12    "Defendants' Counsel" means the law firm of Sullivan & Cromwell LLP.

1.13    "Effective Date" means the first day following the day on which the Settlement contemplated by this Stipulation shall become effective as set forth in ¶12 below.

1.14    "Escrow Account" means an escrow account maintained by the Escrow Agent and controlled by Lead Counsel into which the Settlement Amount shall be deposited.

1.15    "Escrow Agent" means Lead Counsel.

1.16    "Final" when referring to an order or judgment means the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by *certiorari* or otherwise, and the time for any petition for

- 9 -

reargument, appeal or review, by *certiorari* or otherwise, has expired; or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the Settling Parties elect to terminate this Settlement, the date that such Alternative Judgment is no longer subject to appeal or review, by *certiorari* or otherwise, and the time for any petition for reargument, appeal or review, by *certiorari* or otherwise, has expired; provided, however, that any disputes or appeals relating solely to amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Order and Final Judgment becomes Final.

1.17    "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.18    "Individual Defendants" means Daniel L. Sparks, Michelle Gill, and Kevin Gasvoda.

1.19    "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which any Defendant have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, general partner, managing member, or other similar capacity, but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

1.20    "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.21    "Litigation Expenses" means the reasonable costs, expenses, or charges of Plaintiffs' Counsel in connection with commencing and prosecuting the Actions, for which Lead Counsel intend to apply to the Court for payment from the Settlement Fund.  Litigation Expenses may also include the expenses of Plaintiffs in accordance with 15 U.S.C. §77z-1(a)(4).

1.22    "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.

1.23    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action (substantially in the form attached hereto as Exhibit A-1), which is to be sent to Members of the Settlement Class.

1.24    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator in connection with (i) providing notice to the Settlement Class; and (ii) administering the Claims process.

1.25    "Offerings" means the GSAA Home Equity Trust 2007-3; GSAA Home Equity Trust 2007-4; GSAA Home Equity Trust 2007-5; GSAA Home Equity Trust 2007-6; GSAA Home Equity Trust 2007-7;  GSAA Home Equity Trust 2007-8; GSAA Home Equity Trust 2007-10; GSAMP Trust 2007-HE1; GSAMP Trust 2007-HE2; GSR Mortgage Loan Trust 2007-OA1; GSR Mortgage Loan Trust 2007-OA2; GSR Mortgage Loan Trust 2007-3F; GSR Mortgage Loan Trust 2007-4F; and GSR Mortgage Loan Trust 2007-5F.

1.26    "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in the Actions pursuant to ¶10 of this Stipulation substantially in the form of Exhibit B attached hereto.

1.27    "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

1.28    "PFRS' Counsel" means Wolf Haldenstein Adler Freeman & Herz LLP and Kohn, Swift & Graf, PC.

1.29    "Plaintiffs" means NECA and PFRS.

- 11 -

1.30    "Plaintiffs' Counsel" means Lead Counsel, PFRS' Counsel, Cavanagh & O'Hara, and any other legal counsel who represented Plaintiffs in the Actions.

1.31    "Plan of Allocation" means the proposed plan for allocating the Net Settlement Fund to Authorized Claimants as attached to the Notice, or such other plan of allocation as the Court shall approve.

1.32    "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Settlement Class.

1.33    "Publication Notice" or "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.34    "Released Claims" means any and all claims, demands, rights, liabilities and causes of action (including "Unknown Claims" as defined in ¶1.46, below) of any nature whatsoever, asserted under federal, state, common, local or foreign law that Plaintiffs and/or any Settlement Class Member have, had, or may have against the Released Parties (as defined below) based on, arising out of or related directly or indirectly to both (i) the purchase or sale or other acquisition or disposition, or holding of any Certificates; and (ii) all acts, events, occurrences, transactions, facts, statements, representations, misrepresentations or omissions that were or could have been alleged in the Actions.  "Released Claims" include all rights of appeal from any prior decision of the Court in the Actions.  "Released Claims" do not include: (a)  claims arising out of, based upon, relating to, concerning, or in connection with the interpretation or enforcement of the terms of the Settlement, or (b) any claims against the trustees of the Offerings or any derivative claims belonging to the Offerings that have been asserted in any action or proceeding prior to the date of execution of this

- 12 -

Stipulation, provided that nothing herein or otherwise shall be construed to suggest or imply that any such asserted claims (i) have merit; (ii) may be properly asserted by or on behalf of Plaintiffs, any Settlement Class Member, or any trustee of the Offerings; or (iii) are timely.

1.35    "Released Parties" means:  (i) the Defendants; (ii) each of the Defendants' respective past or present parents, subsidiaries, affiliates, divisions, successors, and predecessors; (iii) each of the respective past or present officers, directors, employees, partners, members, principals, attorneys, advisors, trustees, administrators, fiduciaries, consultants, representatives, accountants and auditors, insurers, and assigns, of the foregoing in (i) and (ii) in their capacities as such; and (iv) any Person which is or was related to or affiliated with any of the Defendants or in which any of the Defendants has or had a controlling interest.

1.36    "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims, which the Released Parties possess against Plaintiffs, Plaintiffs' Counsel or any Settlement Class Member, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Actions, except for claims relating to, concerning, or in connection with the interpretation or the enforcement of the terms of the Settlement.

1.37    "Settlement" means this Stipulation and the settlement contained herein.

1.38    "Settlement Amount" means Two Hundred Seventy-Two Million Dollars ($272,000,000.00) in cash.

1.39    "Settlement Class" means all Persons who prior to December 11, 2008 purchased or otherwise acquired any of the Certificates in the Offerings and were damaged thereby.  Excluded from the Settlement Class are:  (i) Defendants, originators of any loans underlying the Certificates, and Defendants' and the originators' successors and assigns, and the directors and officers of such

- 13 -

entities at all relevant times, as well as members of such Persons' immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded Person has or had a controlling interest, except that affiliates and entities in which such excluded Person has or had a controlling interest are excluded from the Settlement Class only to the extent that such entities themselves had a proprietary (*i.e.*, for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class, and Investment Vehicles shall not be excluded from the Settlement Class; and (ii) Persons who have filed a timely and valid request for exclusion in accordance with the requirements set forth in the Notice, it being understood and agreed that those Persons who have filed individual actions to separately pursue claims against the Defendants relating to the Certificates or the Offerings are nevertheless required to file a timely and valid request for exclusion in order to be excluded from the Settlement Class.

     1.40    "Settlement Class Member" or "Member of the Settlement Class" means a Person that is a Member of the Settlement Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

     1.41    "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

     1.42    "Settling Parties" means (i) Defendants; and (ii) Plaintiffs on behalf of the Settlement Class.

     1.43    "Stipulation" means this Stipulation and Agreement of Settlement.

     1.44    "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and

other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

1.45  "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

1.46  "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any and all Released Parties' Claims that the Released Parties do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties (or Plaintiffs, Plaintiffs' Counsel and the Members of the Settlement Class, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims and Released Parties' Claims, the parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code §1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the

Released Claims, but Plaintiffs shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and Settlement Class Members and Released Parties by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Parties' Claims was separately bargained for and was a material element of the Settlement.

**2.      Class Certification**

2.1     For purposes of the Settlement only, Plaintiffs will move to:  (a) certify the Settlement Class as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (b) appoint NECA and PFRS as Class Representatives; and (c) appoint Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  For purposes of the Settlement only, Defendants will not oppose this motion.

**3.      Scope and Effect of Settlement**

3.1     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Released Claims as against the Released Parties, and the Released Parties' Claims as against Plaintiffs, Plaintiffs' Counsel and the Settlement Class Members.

3.2    Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed, and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party, except as otherwise provided herein, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all such Released Claims against each and every one of the Released Parties in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.

3.3    Upon the Effective Date of this Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed, and forever discharged all of the Released Parties' Claims against Plaintiffs, Plaintiffs' Counsel, and any other Settlement Class Member, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all such Released Parties' Claims against each and every one of the Plaintiffs, Plaintiffs' Counsel, and any other Settlement Class Member in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.

**4.    The Settlement Consideration**

4.1    On or before ten (10) business days following entry of the Preliminary Approval Order by the Court, Defendant Goldman, Sachs & Co., in full and complete settlement of the Action, shall pay the Settlement Amount into the Escrow Account.  The Settlement Fund shall be invested or held as provided in ¶5.2 hereof.  If the Settlement Amount is not paid into the Escrow Account on or before the earlier of (i) ten (10) business days following entry of the Preliminary Approval Order by the Court or (ii) fourteen (14) days after the filing of this Stipulation with the Court, the unpaid balance of the Settlement Amount shall accrue interest at the rate of 5% per annum until paid.  Plaintiffs shall be entitled to terminate the Settlement if the Settlement Amount is not paid into the

Escrow Account no later than ten (10) business days following entry of the Preliminary Approval Order, provided that such termination right is exercised within three (3) business days thereafter.

### 5.      Use of Settlement Fund

5.1      The Settlement Fund shall be used to pay any:  (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court.  The balance remaining in the Settlement Fund, *i.e.*, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided below.  All costs and expenses incurred by or on behalf of the Plaintiffs and the other Members of the Settlement Class associated with the Settlement shall be paid from the Settlement Fund.  In no event shall Defendants bear any further or additional responsibility for any such costs or expenses beyond payment of the Settlement Amount.

5.2      The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein.  Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) or other investments backed by the full faith and credit of the United States and shall collect and reinvest all interest accrued thereon, except that any cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

5.3     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund.   Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶5.4 below.   Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement Fund.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation §1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

5.4     All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund.  The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses. Lead Counsel, or their agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treasury Regulation §1.468B-2(k), and to the extent applicable, Treasury Regulation §1.468B-2(l).   Such returns shall be

- 19 -

consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph. Lead Counsel, or their agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this Stipulation. The Released Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents, as described herein.

5.5     This is not a claims-made settlement. As of the Effective Date, neither Defendants nor any other Person who paid any portion of the Settlement Amount on any of their behalves, shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of claims submitted, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. If any portion of the Net Settlement Fund remains following distribution (or redistribution) pursuant to ¶7.7 and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes and Tax Expenses, shall be distributed by Lead Counsel to an appropriate non-profit charitable organization.

5.6     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court. Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement,

- 20 -

and shall have no liability whatsoever to any Person, including, but not limited to, the Settlement Class Members, in connection with any such administration.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those Members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court. Defendants agree to cooperate reasonably with Lead Counsel in identifying the names and addresses of potential Settlement Class Members.

5.7     Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or order of the Court, all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice and Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund.

5.8     The finality of the Settlement shall not be conditioned on any ruling by the Court concerning the Plan of Allocation or any award of attorneys' fees or Litigation Expenses.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the

- 21 -

Settlement or affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims. Unless otherwise ordered by the Court, there shall be no distribution of any of the Settlement Fund to any Settlement Class Member until the Plan of Allocation is finally approved and such order of approval is affirmed on appeal and/or is no longer subject to review by appeal or *certiorari*, and the time for any petition for rehearing, appeal, or review, by *certiorari* or otherwise, has expired.

### 6.    Attorneys' Fees and Litigation Expenses

6.1    Lead Counsel will apply to the Court for a collective award from the Settlement Fund of attorneys' fees, plus interest. Lead Counsel also will apply to the Court for payment from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses, plus interest. Litigation Expenses may include reimbursement of the costs and expenses of Plaintiffs (including lost wages) in accordance with 15 U.S.C. §77z-1(a)(4).

6.2    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligations to repay all such amounts if the Settlement is terminated for any reason, or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed, and such termination, reduction, or reversal is final and no longer subject to appeal or further review. Plaintiffs' Counsel shall make their respective appropriate refunds or repayments no later than ten (10) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses.

6.3     Lead Counsel shall allocate the attorneys' fees and Litigation Expense awards amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Actions.  Such matters are not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

6.4     Defendants shall have no responsibility for, and no liability with respect to, the attorneys' fees or the Litigation Expenses that the Court may award in the Actions or the allocation of the fees and Litigation Expenses that Lead Counsel may make to other Plaintiffs' Counsel in connection with the Actions or any other person who may assert some claim thereto.

6.5     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the Court thereof, shall not be a condition of the Settlement.  Lead Counsel shall request that their application for an award of attorneys' fees and Litigation Expenses be considered by the Court separately from the Court's consideration of the fairness and adequacy of the Settlement.  Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims or the Released Parties' Claims. The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Lead Counsel's application for attorneys' fees and Litigation Expenses.

**7.     Claims Administrator**

7.1     The Claims Administrator, subject to the supervision, direction and approval of Lead Counsel and the Court, shall administer and calculate the Claims submitted by Settlement Class Members, oversee distribution of the Net Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith.  Defendants and the other Released Parties shall have no liability, obligation or responsibility for the Notice, administration or

- 23 -

processing of claims or of the Settlement or disbursement of the Net Settlement Fund, including without limitation, determinations as to the validity of any Proof of Claim, the amounts of claims, distributions of the Settlement Fund, or any loss incurred by the Escrow Agent or the Claims Administrator.  Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

7.2     The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Plaintiffs and approved by the Court, or according to such other plan of allocation as the Court approves.  The proposed Plan of Allocation is appended to the Notice attached hereto as Exhibit A-1.

7.3     The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Plaintiffs, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation proposed in the appendix to the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Actions.  Neither Defendants nor any other Released Party shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund.

7.4     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  Neither Defendants nor any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Neither Defendants nor any other Released

1057793_4

Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Settlement Class Member.

7.5      All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be, absent a court order, forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim.  A Claim Form shall be deemed to be submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.   Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing late submitted claims so long as the distribution or any redistributions of the Net Settlement Fund are not materially delayed as a result.

7.6      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided for in the Order and Final Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's

- 25 -

Claim.  No discovery shall be allowed on the merits of the Actions or this Settlement in connection with the processing of Claim Forms.

7.7    The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its pro rata share of the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

7.8    Payment pursuant to the Court-approved Settlement, this Stipulation, the Plan of Allocation or otherwise ordered by the Court shall be final and conclusive against any and all Settlement Class Members.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Defendants, Defendants' counsel, any other Released Person or the Claims Administrator based on distributions made substantially in accordance with the Court-approved Settlement, the Stipulation, the Plan of Allocation, or otherwise as further ordered by the Court.

7.9    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**8.    Requests for Exclusion**

8.1    A Settlement Class Member requesting exclusion from the Settlement Class shall be requested to provide certain information to the Claims Administrator as set forth in the Notice. Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a timely written request for exclusion as provided by the Notice shall be bound by the Settlement.

8.2    The Claims Administrator shall scan and send electronic copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to Defendants' Counsel and to

- 26 -

Plaintiffs' Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request.  As part of the motion papers in support of final approval of the Settlement, Lead Counsel will cause to be provided a list of all Persons who have requested exclusion from the Settlement Class.

9.      **Terms of Preliminary Approval Order in Connection with Settlement Proceedings**

9.1      Plaintiffs, by and through Lead Counsel and PFRS' Counsel, shall submit the Stipulation together with its Exhibits to the Court and shall move for entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

10.      **Terms of Order and Final Judgment**

10.1      The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B.

11.      **Supplemental Agreement**

11.1      Simultaneously herewith, Plaintiffs and Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at the unanimous discretion of Defendants if potential Settlement Class Members who meet certain criteria exclude themselves from the Settlement Class.  The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court.  The Settling Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them.  In the event of a withdrawal from this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.  In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶5.7, 10.1, 11.1, 12.1-12.4 and 13.1 shall survive termination.

- 27 -

Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by Defendants to exercise their option to withdraw from the Settlement pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

**12.     Effective Date of Settlement, Waiver or Termination**

12.1     The Effective Date of Settlement shall be the latest date when all of the following shall have occurred:

(a)     entry of the Preliminary Approval Order;

(b)     certification by the Court of the Settlement Class;

(c)     approval by the Court of the Settlement following notice to the Settlement Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

(d)     entry by the Court of an Order and Final Judgment and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review, by *certiorari* or otherwise, and the time for any petition for reargument, appeal or review, by *certiorari* or otherwise, has expired, or, in the event that the Court enters an alternative judgment and none of the Settling Parties elects to terminate this Settlement, the date that such alternative judgment becomes final and no longer subject to appeal or review, by *certiorari* or otherwise, and the time for any petition for reargument, appeal or review, by *certiorari* or otherwise, has expired.

12.2     Defendants and Plaintiffs each shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other within thirty (30) days of the date on which: (a) the Court declines to enter the Preliminary

Approval Order in any material respect; (b) the Court refuses to approve this Settlement or any material part of it; (c) the Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified or reversed in any material respect; (e) an alternative judgment is vacated, modified or reversed in any material respect; or (f) the Effective Date of Settlement otherwise does not occur.  Defendants may also terminate the Settlement and this Stipulation pursuant to ¶11.1.  Plaintiffs may also terminate the Settlement and this Stipulation pursuant to ¶4.1.  The foregoing list is not intended to limit or impair the parties' rights under the law of contracts with respect to any breach of this Stipulation.  In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶5.7, 10.1, 11.1, 12.1-12.4 and 13.1 shall survive termination.

12.3     Except as otherwise provided herein, in the event the Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, then:  (i) this Stipulation and the Settlement automatically shall become null and void and have no further effect (including any class certification for settlement purposes); and (ii) the Settling Parties shall be restored to their pre-settlement litigation posture as of June 5, 2015, without prejudice to the rights, arguments, claims, or defenses of any Settling Party.   Under such circumstances, any negotiations, statements, communications, or proceedings relating to the Settlement, and the fact that each Settling Party agreed to the Settlement, shall not be used for any purpose whatsoever in any subsequent proceeding in the Actions or any other action in any court or tribunal, and shall not be construed as an admission or concession by any Settling Party of any fact, matter, allegation, or contention.

12.4     Except as otherwise provided herein, in the event this Stipulation is terminated or if the Effective Date fails to occur for any reason, then within ten (10) business days after written notice is sent by Lead Counsel or Defendants' Counsel, the balance of the Settlement Fund, less any

- 29 -

Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to Defendants, including interest accrued thereon, in the proportion to which the Settlement Fund was paid.

**13.    No Admission of Wrongdoing**

13.1    Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including the Exhibits, the Plan of Allocation methodology, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)    shall not be offered or received against Defendants, other Released Parties, Plaintiffs or the other Members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or other Released Parties or by Plaintiffs or the other Members of the Settlement Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or other Released Parties;

(b)    shall not be offered or received against the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party, or against Plaintiffs or any of the other Members of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the other Members of the Settlement Class;

(c)    shall not be offered or received against the Released Parties, Plaintiffs or the other Members of the Settlement Class as evidence of a presumption, concession, or admission with

respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the Court, the Settling Parties and their counsel may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Released Parties, Plaintiffs or the other Members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, Plaintiffs' Counsel or the other Members of the Settlement Class or any of them that any of the claims in the Actions are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Fund.

**14.     Miscellaneous Provisions**

14.1     All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit hereto, the terms of this Stipulation shall prevail.

14.2     Defendants shall be responsible for timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. §1715.

14.3     Defendants warrant that, as to the payments made by or on behalf of him, her or it, at the time of such payment that Defendants made or caused to be made pursuant to ¶4.1 above, he, she, or it was not insolvent, nor will the payment required to be made by or on behalf of him, her, or

it render him, her, or it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof. This representation is made by Defendants and not by Defendants' Counsel.

14.4    If a case is commenced in respect of any Defendant (or any other Person contributing funds to the Settlement Fund on behalf of Defendants) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Order and Final Judgment entered in favor of Defendants and the other Released Parties pursuant to this Stipulation, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to June 5, 2015, and any cash amounts in the Settlement Fund shall be returned as provided and to the extent set forth in ¶12.2 above.

14.5    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of all Settling Parties or their successors-in-interest.

14.6    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

14.7    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted in the Actions. Accordingly, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree not to assert any claim under Rule 11 of the

- 32 -

Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Actions were brought or defended in bad faith or without a reasonable basis.  The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.  The Order and Final Judgment will contain a finding that during the course of the Actions, the Settling Parties and their counsel complied with Rule 11 of the Federal Rules of Civil Procedure.

14.8   The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

14.9   This Stipulation and its Exhibits and the Supplemental Agreement constitute the entire agreement among these Settling Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning this Stipulation or its Exhibits and Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

14.10   This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

14.11   The Settling Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation.

14.12   Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of Plaintiffs or Defendants, as the case may be, and that they have the

- 33 -

authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

14.13   This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties, including any and all Released Parties and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

14.14   Notices required by this Stipulation shall be submitted either by any form of overnight mail, electronic mail, facsimile, or in person to each of the signatories below.

14.15   The administration, consummation, and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation and the Settlement.

14.16   The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

14.17   This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.  If there is any dispute between the Settling Parties concerning this Stipulation, the Settling Parties agree that, in the first instance, they will engage in non-binding consultation with the mediator, the Honorable Daniel Weinstein (Ret.).

- 34 -

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by

their duly authorized attorneys as of August 12, 2015.

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
THOMAS E. EGLER
SUSAN G. TAYLOR
LUCAS F. OLTS
SUSANNAH R. CONN
ANGEL P. LAU
JENNIFER N. CARINGAL

_____
        LUCAS F. OLTS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Plaintiff NECA-IBEW Health &
Welfare Fund

CAVANAGH & O'HARA
PATRICK J. O'HARA
407 East Adams Street
Springfield, IL  62701
Telephone:  217/544-1771
217/544-9894 (fax)

Additional Counsel for Plaintiff NECA-IBEW
Health & Welfare Fund

- 35 -

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ, LLP
LAWRENCE P. KOLKER
MICHAEL LISKOW

_____
        LAWRENCE P. KOLKER

270 Madison Avenue
New York, New York  10016
Telephone:  212/545-4600
212/545-4653 (fax)

Counsel for Plaintiff The Police and Fire
Retirement System of the City of Detroit

KOHN, SWIFT & GRAF, P.C.
JOSEPH C. KOHN
DENIS F. SHEILS
WILLIAM E. HOESE
BARBARA L. GIBSON

_____
        DENIS F. SHEILS

One South Broad Street
Suite 2100
Philadelphia, PA  19107-3389
Telephone:  215/238-1700
215/238-1968 (fax)

Counsel for Plaintiff The Police and Fire
Retirement System of the City of Detroit

SULLIVAN & CROMWELL LLP
RICHARD H. KLAPPER

_____
        RICHARD H. KLAPPER

- 36 -

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ, LLP
LAWRENCE P. KOLKER
MICHAEL LISKOW

_____
LAWRENCE P. KOLKER

270 Madison Avenue
New York, New York  10016
Telephone:  212/545-4600
212/545-4653 (fax)

Counsel for Plaintiff The Police and Fire
Retirement System of the City of Detroit

KOHN, SWIFT & GRAF, P.C.
JOSEPH C. KOHN
DENIS F. SHEILS
WILLIAM E. HOESE
BARBARA L. GIBSON

_____
DENIS F. SHEILS

One South Broad Street
Suite 2100
Philadelphia, PA  19107-3389
Telephone:  215/238-1700
215/238-1968 (fax)

Counsel for Plaintiff The Police and Fire
Retirement System of the City of Detroit

SULLIVAN & CROMWELL LLP
RICHARD H. KLAPPER

_____
RICHARD H. KLAPPER

- 36 -

3057793.4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 13, 2015.

s/ Lucas F. Olts
LUCAS F. OLTS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:    lolts@rgrdlaw.com

## Mailing Information for a Case 1:08-cv-10783-MGC

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew I. Alpert**
  malpert@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer Nunez Caringal**
  jcaringal@rgrdlaw.com

- **Joanna Ka Wai Chan**
  jchan@cohengresser.com,managingclerksoffice@cohengresser.com

- **Susannah R Conn**
  sconn@rgrdlaw.com,MAlbert@rgrdlaw.com

- **Courtland W. Creekmore**
  courtland.creekmore@gmail.com

- **Christopher James Dunne**
  dunnec@sullcrom.com,s&cmanagingclerk@sullcrom.com,martelj@sullcrom.com

- **Theodore Edelman**
  edelmant@sullcrom.com,holtzmanb@sullcrom.com,pierrej@sullcrom.com,Bellwarej@sullcrom.com,katzmand@sulllcrom.com,Trapsl@sullcrom.com,Rabinl@sullcrom

- **Thomas Edward Egler**
  tome@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lawrence Thomas Gresser**
  ltgresser@cohengresser.com,managingclerksoffice@cohengresser.com

- **Evan Jay Kaufman**
  ekaufman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Richard Howard Klapper**
  klapperr@sullcrom.com,josepht@sullcrom.com,Bellwarej@sullcrom.com,gottliebal@sullcrom.com,Trapsl@sullcrom.com,cedenom@sullcrom.com,s&cmanagingclerk

- **Lawrence Paul Kolker**
  kolker@whafh.com

- **Maya Krugman**
  krugmanm@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Angel P. Lau**
  alau@rgrdlaw.com

- **Arthur C. Leahy**
  artl@rgrdlaw.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **Ryan A. Llorens**
  ryanl@rgrdlaw.com,SBierl@rgrdlaw.com

- **L. Dana Martindale**
  dmartindale@rgrdlaw.com

- **Ivy T. Ngo**
  ingo@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **D. Andrew Pietro**
  pietroda@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Nathaniel P. T. Read**
  NRead@CohenGresser.com,managingclerksoffice@cohengresser.com,ecf-67ec60b93076@ecf.pacerpro.com

- **David Maxwell Rein**
  reind@sullcrom.com,druckj@sullcrom.com,s&cmanagingclerk@sullcrom.com,pierrej@sullcrom.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patrice Alecia Rouse**
  rousep@sullcrom.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Denis Francis Sheils**
  dsheils@kohnswift.com

- **Gerald H. Silk**
  jerry@blbglaw.com,errol.hall@blbglaw.com,ross@blbglaw.com

- **Susan G. Taylor**
  susant@rgrdlaw.com

- **Michael Thomas Tomaino , Jr**
  tomainom@sullcrom.com,s&cmanagingclerk@sullcrom.com,pierrej@sullcrom.com,katzmand@sulllcrom.com

- **Harsh Nayan Trivedi**
  s&cmanagingclerk@sullcrom.com,gilmorek@sullcrom.com,trivedih@sullcrom.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)