UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NECA-IBEW HEALTH & WELFARE FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDMAN, SACHS & CO., et al.,<br><br>Defendants. | Civil Action No. 1:08-cv-10783-LAP<br><br>"ECF Case"<br><br><u>CLASS ACTION</u> |
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDMAN, SACHS & CO., et al.,<br><br>Defendants. | Civil Action No. 10 Civ. 4429-LAP<br><br>"ECF Case"<br><br><u>CLASS ACTION</u> |

NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF:
(1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND PLAN OF ALLOCATION; AND (2) PLAINTIFFS' COUNSEL'S MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND EXPENSES

1128045_1

NECA-IBEW Health & Welfare Fund and Police and Fire Retirement System of the City of Detroit (collectively, "Plaintiffs"), on behalf of the Settlement Class, and Robbins Geller Rudman & Dowd LLP ("Lead Counsel") respectfully submit this notice of non-opposition and reply in further support of: (1) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Dkt. No. 223); and (2) Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Expenses (Dkt. No. 225) (collectively, the "Motions"), both filed on February 18, 2016.

The Settlement Class' response to the Settlement has been uniformly positive and fully supports granting of the Motions.[1] The deadline for filing objections and submitting exclusion requests passed on March 4, 2016, and no objections have been received to either the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses. Additionally, only seven requests for exclusion have been received.

Pursuant to the Court's December 30, 2015 Order Certifying a Settlement Class, Preliminarily Approving the Settlement, and Providing for Notice (Dkt. No. 220, the "Preliminary Approval Order"), beginning on January 14, 2016, the Claims Administrator commenced mailing of the Court-approved Notice of Pendency of Class Action and Proposed Settlement and Final Approval Hearing (the "Notice") to potential Settlement Class Members and their nominees. *See* Dkt. No. 233 ("Sylvester Decl."), ¶¶4-10.[2] The Notice advised Settlement Class Members of the

---

[1] Unless otherwise stated or defined, all capitalized terms used herein shall have the meanings provided in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of August 12, 2015. Dkt. No. 216.

[2] As of the February 18, 2016 filing of the Motions, the Claims Administrator had sent 5,836 copies of the Notice to potential Settlement Class Members. *See* Sylvester Decl., ¶11. Since that date, the Claims Administrator has sent an additional 24,758 copies of the Notice to potential Settlement Class Members. *See* accompanying Supplemental Declaration of Carole K. Sylvester Regarding (A) Further Mailing of the Notice of Pendency of Class Action and Proposed Settlement and Final Approval Hearing and the Proof of Claim and Release Form, and (B) Requests for Exclusion Received to Date ("Supp. Sylvester Decl."), ¶3. To date, therefore, 30,594 copies of the Notice have been distributed to potential Settlement Class Members. *Id.*

$272 million Settlement, the preliminary certification of the Settlement Class, the terms of the proposed Plan of Allocation, and Plaintiffs' Counsel's request for an award of attorneys' fees and expenses. The Notice further advised Settlement Class Members of the March 4, 2016 deadline for requesting exclusion from the Settlement Class and/or submitting objections to the Settlement, the Plan of Allocation, or the request for an award of attorneys' fees and expenses.

On February 18, 2016, pursuant to the Court's Preliminary Approval Order, Lead Counsel filed the Motions. Plaintiffs' motion for final approval of the Settlement and Plan of Allocation explains why the Settlement and Plan of Allocation are fair, reasonable, and adequate. *See* Dkt. No. 224. Likewise, Plaintiffs' Counsel's fee request explains why the request for a fee of 21% of the Settlement Amount, plus expenses, is fair and reasonable, and supported by, among other factors, the excellent result achieved in the face of significant risks, the contingent nature of the litigation, and the fact that the fee requested was the product of an agreement negotiated and approved by the court-appointed Lead Plaintiff. *See* Dkt. No. 226.

As noted above, any objections to the Settlement, Plan of Allocation, or fee and expense request had to be received by March 4, 2016. ***No objections were received***. The absence of ***any*** objections demonstrates the Settlement Class' overwhelmingly positive reaction to the Settlement and Plan of Allocation and "is perhaps ***the most significant factor*** in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc*., 396 F.3d 96, 119 (2d Cir. 2005). "The lack of objections provides effective evidence of the fairness of the Settlement." *In re Veeco Instruments Inc. Sec. Litig*., No. 05 MDL 01695 (CM), 2007 U.S. Dist. LEXIS 85629, at *22 (S.D.N.Y. Nov. 7, 2007); *see also In re PaineWebber Ltd. P'ships Litig*., 171 F.R.D. 104, 126 (S.D.N.Y. 1997) ("'the absence of

objectants may itself be taken as evidencing the fairness of a settlement'") (citation omitted), *aff'd*, 117 F.3d 721 (2d Cir. 1997).[3]

The lack of objections to the fee and expense request evinces its reasonableness as well. *In re Flag Telecom Holdings*, No. 02-CV-3400 (CM) (PED), 2010 U.S. Dist. LEXIS 119702, at *85 (S.D.N.Y. Nov. 8, 2010) (recognizing that "the lack of objection from members of the class is one of the most important factors in determining the reasonableness of a requested fee"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 U.S. Dist. LEXIS 85554, at *32 (S.D.N.Y. Nov. 7, 2007) ("'[t]he reaction by members of the Class is entitled to great weight by the Court' and confirms the reasonableness of the requested fees") (citing *Maley*, 186 F. Supp. 2d at 374).

In addition, only seven requests for exclusion from the Settlement Class have been received. *See* Supp. Sylvester Decl., ¶4. The relatively small number of exclusion requests further supports the fairness, reasonableness and adequacy of the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's request for an award of attorneys' fees and expenses and supports approval of the Motions. *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (finding "relative absence of opt-outs strongly favors approval of the proposed settlements" when fewer than 1% of class members requested exclusion); *Hart v. RCI Hospitality Holdings*, No. 09 Civ. 3043 (PAE),

---

[3] *See also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) (finding that "the favorable reaction of the Class supports approval of the proposed Plan of Allocation" when "no Class member has objected to the Plan of Allocation, although more than 2,000 notices have been distributed"); *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 U.S. Dist. LEXIS 57918, at *34 (S.D.N.Y. July 27, 2007) ("[c]ourts consider the reaction of a class to a plan of allocation" and that, where no objections are received, "the Plan of Allocation should be approved").

2015 U.S. Dist. LEXIS 126934, at *24 (S.D.N.Y. Sep. 22, 2015) (finding that "the reaction of the class can properly be described as positive" where "[n]o class member has objected to the settlement, and only 19 members of the 2,208-person class (less than 1%) have chosen to exclude themselves from the settlement").

Based on the foregoing and the entire record herein, Plaintiffs and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, and adequate and in the best interests of the Settlement Class; and (ii) grant Plaintiffs' Counsel's request for an award of attorneys' fees and expenses in the amounts requested.

For the Court's convenience, Plaintiffs and Lead Counsel submit herewith a proposed Final Judgment and Order of Dismissal with Prejudice, to which a list of the Settlement Class Members who have properly requested exclusion is included as Exhibit 1, a proposed order approving the Plan of Allocation, and a proposed order approving the fee and expense request.

DATED:  March 21, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARTHUR C. LEAHY
THEODORE J. PINTAR
LUCAS F. OLTS

                s/ Arthur C. Leahy
            ARTHUR C. LEAHY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Lead Counsel for Plaintiff NECA-IBEW Health & Welfare Fund

CAVANAGH & O'HARA
PATRICK J. O'HARA
407 East Adams Street
Springfield, IL 62701
Telephone: 217/544-1771
217/544-9894 (fax)

Additional Counsel for Plaintiff NECA-IBEW Health & Welfare Fund

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ, LLP
LAWRENCE P. KOLKER
MICHAEL LISKOW

      s/ Lawrence P. Kolker
    LAWRENCE P. KOLKER

270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
212/545-4653 (fax)

Counsel for Plaintiff Police and Fire Retirement System of the City of Detroit

KOHN, SWIFT & GRAF, P.C.
JOSEPH C. KOHN
DENIS F. SHEILS
WILLIAM E. HOESE
BARBARA L. GIBSON

      s/ Denis F. Sheils
    DENIS F. SHEILS

One South Broad Street
Suite 2100
Philadelphia, PA 19107-3389
Telephone: 215/238-1700
215/238-1968 (fax)

Counsel for Plaintiff Police and Fire Retirement
System of the City of Detroit

CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2016, I caused the foregoing Notice of Non-Opposition and Reply in Further Support of: (1) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (2) Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Expenses to be served electronically on all ECF participants.

s/ Arthur C. Leahy
ARTHUR C. LEAHY

1128045_1