UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
NECA-IBEW HEALTH & WELFARE FUND,  :   Civil Action No. 1:08-cv-10783-LAP
Individually and On Behalf of All Others          :
Similarly Situated,                                           :   "ECF Case"
                                                                        :
                              Plaintiff,                          :   CLASS ACTION
                                                                        :
     vs.                                                              :
                                                                        :
GOLDMAN, SACHS & CO., et al.,                   :
                                                                        :
                              Defendants.                     :
―――――――――――――――――――――――― x
POLICE AND FIRE RETIREMENT SYSTEM :   Civil Action No. 10 Civ. 4429-LAP
OF THE CITY OF DETROIT, Individually         :
and On Behalf of All Others Similarly Situated, :   "ECF Case"
                                                                        :
                              Plaintiff,                          :   CLASS ACTION
                                                                        :
     vs.                                                              :
                                                                        :
GOLDMAN, SACHS & CO., et al.,                   :
                                                                        :
                              Defendants.                     :
―――――――――――――――――――――――― x

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES



1128150_1

Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Expenses (Dkt. No. 225, "Fee and Expense Application") duly came before the Court for hearing on April 13, 2016. The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the April 13, 2016 hearing. Due and adequate notice having been given to the Settlement Class as required by the Court's December 30, 2015 Order Certifying a Settlement Class, Preliminarily Approving the Settlement, and Providing for Notice (Dkt. No. 220), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES, AND ORDERS AS FOLLOWS:

1.  This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Dkt. No. 216, the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all Members of the Settlement Class.

3.  Notice of the Fee and Expense Application was directed to Settlement Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and §27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.  Settlement Class Members have been given the opportunity to object to the Fee and Expense Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure.

5.  The Fee and Expense Application is hereby GRANTED.

Case 1:08-cv-10783-LAP  Document 237-3  Filed 03/21/16  Page 3 of 5

6. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 21% of the Settlement Amount and $1,236,390.04 in Litigation Expenses, with interest on both amounts at the same rate as earned by the Settlement Fund, which sums the Court finds to be fair and reasonable. Pursuant to ¶6.3 of the Stipulation, Lead Counsel shall allocate the attorneys' fees and expense amounts amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Actions.

7. Pursuant to ¶6.2 of the Stipulation, the fees and expenses awarded herein shall be paid from the Settlement Fund to Lead Counsel immediately upon entry of this Order, notwithstanding the existence of any timely filed objections thereto, if any, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in ¶6.2 of the Stipulation.

8. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $272 million in cash that has been funded into an Escrow Account for the benefit of the Settlement Class pursuant to the terms of the Stipulation, and that Settlement Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel and Plaintiffs;

(b) The fee sought by Plaintiffs' Counsel has been approved as fair and reasonable by the court-appointed lead plaintiffs, NECA-IBEW Health & Welfare Fund ("NECA") in the *NECA* Action and Police and Fire Retirement System of the City of Detroit ("PFRS") in the *PFRS* Action, sophisticated institutional investors that were substantially involved in the prosecution and resolution of the Actions;

(c) Over 30,500 copies of the Notice were mailed to potential Settlement Class Members or their nominees stating that Lead Counsel would seek a fee of 21% of the Settlement Amount and recovery of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $1,500,000.00, plus interest earned at the same rate and for the same period as earned by the Settlement Fund, and there are no objections to the requested award of attorneys' fees or Litigation Expenses;

(d) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Actions involve complex factual and legal issues and were actively prosecuted for over seven years;

(f) Had the Settlement not been achieved, there would remain a significant risk that Plaintiffs and the other Members of the Settlement Class may have recovered less or nothing from Defendants; and

(g) The amount of attorneys' fees and Litigation Expenses awarded are fair and reasonable and consistent with awards in similar cases.

9. Any appeal or any challenge affecting this Court's approval of the Fee and Expense Application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10. Jurisdiction is hereby retained over the parties and the Settlements Class Members for all matters relating to the Actions, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with terms of the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: May 2, 2016

_____
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE